UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE GOLDMAS,<br><br>             Plaintiff,<br><br>     v.<br><br>L. VAN WEGEN, et al.,<br><br>             Defendants. | No.  2:16-cv-3009 JAM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint and application to proceed in forma pauperis are before the court.

**I.      In Forma Pauperis Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

## IV. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a state inmate housed at California Health Care Facility in Stockton, California. Plaintiff names as defendants Correctional Officers ("CO") Bacerra and C. Lo, Correctional Lieutenant M. Weaver, and Correctional Sergeant L. Van Wegen.

Plaintiff's allegations may be fairly summarized as follows:

On February 12, 2016, plaintiff was asleep in his cell when he was awoken by CO Bacerra banging on his cell door. CO Bacerra purportedly awoke plaintiff to be released for dayroom despite knowing that plaintiff does not come out for dayroom. Plaintiff orally complained to CO Lo that CO Bacerra banged on the door to "provoke and harass" him. CO Lo responded angrily and accused plaintiff of snitching. When plaintiff asked to speak to their supervisor, COs Bacerra and Lo activated their emergency alarm and called a code of "Resistive Inmate."

In response to the alarm, a number of COs rushed to the unit with weapons drawn, encircling plaintiff and yelling orders at him. Plaintiff stood paralyzed by fear and shock. CO Manning (not a defendant) asked plaintiff if he would "cuff-up," to which plaintiff agreed and began to comply before Sgt. Van Wegen charged at plaintiff dispersing pepper spray at him. Plaintiff collapsed to the ground in the surrender position, but Sgt. Van Wegen continued to spray plaintiff until the canister emptied. CO Bacerra then physically attacked plaintiff. Plaintiff accuses COs Bacerra and Lo and Sgt. Van Wegen of conspiring to provoke and attack plaintiff in response to plaintiff's filing administrative grievances against each of them predating the assault.

On February 25, 2016, plaintiff received a rules violation report ("RVR") authored by CO Bacerra and charging plaintiff with "Resisting a Peace Officer Resulting in the Use of Force." On March 20, 2016, a hearing was held on the RVR with defendant Lt. Weaver presiding. The notes of this hearing, which are attached to the complaint, reflect that plaintiff plead not guilty, and he presented testimony from two inmate witnesses. One testified that plaintiff "did not do anything. He was not being loud," while the other testified that "[plaintiff] did not cause anything towards himself that night. They just came and sprayed him for no reason." Compl. Exs. (ECF No. 1 at 18).

After the conclusion of the evidence, Lt. Weaver found plaintiff not guilty of the resisting charge but found him guilty of a lesser included offense of "Disruptive Behavior." In so finding, Lt. Weaver relied on the RVR written by Sgt. Van Wegen and a Crime/Incident report written following the incident by CO Lo. Plaintiff was counseled and reprimanded regarding future behavioral expectations.

Plaintiff accuses Lt. Weaver of failing to give him written notice of the charge of disruptive behavior and failing to meet the "some evidence" standard to render a guilty finding. Plaintiff accuses Lt. Weaver of colluding with the other defendants to deprive plaintiff of his due process rights and to chill plaintiff's First Amendment rights.

Plaintiff brings claims under the First, Eighth and Fourteenth Amendments. He seeks damages and declaratory and injunctive relief.

**V.     Discussion**

    **A.     First Amendment**

In the prison context, a First Amendment retaliation claim has five elements: first, that the plaintiff engaged in conduct protected by the First Amendment; second, that the defendant took adverse action against the plaintiff; third, that there is a causal connection between the protected conduct and the adverse action; fourth, that the adverse action either chilled the plaintiff's protected conduct or "would chill or silence a person of ordinary firmness from future First Amendment activities;" and fifth, that the defendant's retaliatory action did not advance legitimate correctional goals. Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); accord Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005).

Plaintiff accuses CO Bacerra, CO Lo, and Sgt. Van Wegen of retaliating against him for having filed administrative grievances against each of them. Plaintiff has adequately alleged that he engaged in protected conduct (filing administrative grievances), that the defendants acted (sounded an alarm and/or assaulted plaintiff) with a retaliatory motive and without a legitimate correctional goal, and that this conduct would chill a person of ordinary firmness.

The undersigned will comment briefly on CO Lo, who is alleged only to have activated the emergency alarm and called a code of "Resistive Inmate." A false claim, standing alone, is not

actionable, but in certain contexts it can be. Here, CO Lo's activation of the alarm and calling the code caused the natural and proximate result of an escalated situation involving a number of armed correctional officers. This conduct is therefore sufficient, in this context, to support a retaliation claim. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (reversing a lower court's dismissal of a prisoner's retaliation claim against a guard where the guard had filed a false report but had not participated in the final decision that the prisoner be placed in ad-seg). The Austin court held that "a jury could find that the administrative segregation 'was the natural and proximate result of [a guard's] filing a false report accusing an inmate of violating prison rules ... [and] could also infer that [the guard] intended that result.'" Id.

### B. Due Process

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. See id. But the Due Process Clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions are severe. See id. at 556-57, 571-72 n.19.

Wolff established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate

1    will be able to collect and present the evidence necessary for an adequate comprehension of the

2    case, he should be free to seek the aid of a fellow inmate, or ... to have adequate substitute aid ...

3    from the staff or from a [n] ... inmate designated by the staff." Id. at 570. Additionally, "some

4    evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445,

5    455 (1985).

6    　　　　Plaintiff claims two of these five rights were violated by Lt. Weaver at the March 20,

7    2016, hearing on the RVR "Resisting a Peace Officer Resulting in the Use of Force." Plaintiff

8    first claims Lt. Weaver failed to give him written notice of the disruptive behavior charge. There

9    is no due process violation, however, for failure to give notice of a lesser included offense. Rivera

10   v. Chavez, 2013 WL 1010534, *5 (C.D.Cal. Feb. 8, 2013); Jameson v. Yates, 2008 WL 4937376,

11   at *5 (E.D. Cal. Nov. 17, 2008); 15 C.C.R. §§ 3313(c), 3315(f)(3), 3005(d). There is thus no

12   claim on these facts.

13   　　　　Plaintiff next claims that Lt. Weaver did not meet the "some evidence" standard in finding

14   plaintiff guilty of the disruptive behavior charge. The court disagrees. Lt. Weaver specifically

15   referenced the RVR and a Crime/Incident report drafted by CO Lo. The "some evidence"

16   standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in

17   the record that could support the conclusion reached...." Hill, 472 U.S. at 455-56. Since there was

18   evidence in the record that could support Lt. Weaver's conclusion, this claim also fails.

19   　　　　**C.     Excessive Force**

20   　　　　To state an excessive force claim, a plaintiff must allege facts to show that the use of force

21   involved an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910

22   (9th Cir. 2001) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Whether the force

23   inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith

24   effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v.

25   McMillian, 503 U.S. 1, 6-7 (1992). The court must look at the need for application of force; the

26   relationship between that need and the amount of force applied; the extent of the injury inflicted;

27   the extent of the threat to the safety of staff and inmates as reasonably perceived by prison

28   officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at

1  321.

2  Not "every malevolent touch by a prison guard gives rise to a federal cause of action."
3  Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments
4  necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided
5  that the use of force is not of a sort repugnant to the conscience of mankind." Id., at 9-10
6  (internal quotation marks omitted); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002)
7  (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis*
8  injuries).

9  Plaintiff has adequately alleged that CO Bacerra and Sgt. Van Wegen used excessive
10 force on February 12, 2016. Per plaintiff, he was attempting to comply with CO Manning's
11 request that plaintiff "cuff-up" when Sgt. Van Wegen charged at him with pepper spray and then
12 CO Bacerra assaulted him. These allegations are sufficient to proceed to service against these
13 defendants.

14 **D.    Conspiracy**

15 A civil conspiracy is a combination of two or more persons who, by some concerted
16 action, intend to accomplish some unlawful objective for the purpose of harming another which
17 results in damage. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999).
18 "Conspiracy is not itself a constitutional tort under § 1983, and it does not enlarge the nature of
19 the claims asserted by the plaintiff, as there must always be an underlying constitutional
20 violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc).

21 For a section 1983 conspiracy claim, "an agreement or meeting of minds to violate [the
22 plaintiff's] constitutional rights must be shown." Woodrum v. Woodward Cnty., 866 F.2d 1121,
23 1126 (9th Cir. 1989). However, "[d]irect evidence of improper motive or an agreement to violate
24 a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be
25 necessary to infer such agreements from circumstantial evidence or the existence of joint action."
26 Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1302 (9th Cir. 1999). Therefore, "an
27 agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as
28 the actions of the defendants." Id. at 1301.

7

Plaintiff claims that all of the defendants conspired to violate plaintiff's constitutional rights. His allegations, though, are too vague and speculative to suggest a meeting of the minds. This claim must therefore be dismissed.

**VI.   Conclusion**

Plaintiff's complaint states a cognizable First Amendment retaliation claim against CO Bacerra, CO Lo, and Sgt. Van Wegen. It also states an Eighth Amendment excessive force claim against CO Bacerra and Sgt. Van Wegen. His remaining claims are not cognizable as pled.

The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claims found to be cognizable, he may file a notice informing the court that he does not intend to amend, and he is willing to proceed only on his cognizable claims. The court then will recommend dismissal of the remaining claims and that Plaintiff be provided with the requisite forms to complete and return so that service of process may be initiated on COs Bacerra and Lo and Sgt. Van Wegen.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

////

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith
3. The Clerk's Office shall send plaintiff a blank civil rights complaint form;
4. Within thirty (30) days from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; and
5. If plaintiff fails to comply with this order, the undersigned will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: March 31, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/gold3009.scrn